### FLORENCE M. GRINER v. OHIO OIL CO.

WORD, "TERMS," IN OIL LEASE REFERS TO THE GRANT.

The word, "terms," used in a clause of an oil lease providing that "the terms of this grant shall not exceed twelve years," which lease also contains a number of conditions and forfeiture clauses relating ,to the number of wells to be sunk, etc., refers to the grant, as well as to the conditions and collateral matter, and the effect of such clause is to limit the life of the grant to twelve years.

APPEAL from Wood common pleas court.

**J. E. Shatzel** and **J. W. Grabiel,** for plaintiff in error:

The instrument involved in this action is a lease. Ohio Oil Co. v. Kelly, 6 Circ. Dec. 470 (9 R. 511); Woodland Oil Co. v. Crawford, 55 Ohio St. 161 [44 N. E. Rep. 1093; 34 L. R. A. 62]; Brown v. Fowler, 65 Ohio St. 507 [63 N. E. Rep. 76].

The language of this contract should be construed in its usual and ordinary sense. Detler v. Holland, 57, Ohio St. 492, 503 [49 N. E. Rep. 690].

Where the granting clause of a conveyance does not describe or limit the estate intended to be conveyed, the *habendum* clause may be resorted to for that purpose. Brown v. Fowler, 65 Ohio St. 507, 521, 523 [63 N. E. Rep. 76]; Martin v. Jones, 62 Ohio St. 519, 525 [57 N. E. Rep. 238]; Jones, Real Prop. Secs. 652, 563; Kelly v. Hill, 25 Atl. Rep. 919 (Md.); Havens v. Land Co. 47 N. J. Eq. 365 [20 Atl. Rep. 497]; Bodine v. Arthur, 91 Ky. 53 [14 S. W. Rep. 904; 34 Am. St. Rep. 162]; Berry v. Billings, 44 Me. 416 [69 Am. Dec. 107]; 1 Washburn, Real Prop. 436, 439; 1 Washburn, Real Prop. (4 ed.) 440; Blackstone's Commentaries, 11 Ch. 20; Jones, Real Prop. Sec. 562; McLeod v. Tarrant, 39 S. C. 271 [17 S. E. Rep. 773; 20 L. R. A. 846].

Where both the granting clause and *habendum* are silent as to the term, the whole instrument may be looked to for guidance. Martin v. Jones, *supra;* Detlor v. Holland, *supra;* German Fire Ins. Co. v. Roost, 55 Ohio St. 581 [45 N. E. Rep. 1097; 36 L. R. A. 236; 60 Am. St. Rep. 711]; Wolfe v. Scarborough, 2 Ohio St. 361, 367; White v. Sayre, 2 Ohio 110, 113; Western Penn. Gas Co. v. George, 161 Pa. St. 47 [28 Atl. Rep. 1004]; Jones, Real Prop. Sec. 568.

Written instruments construed to give effect to every part. McCoy v.

Bixbee, 6 Ohio 310 [27 Am. Dec. 258]; Worman v. Teagarden, 2 Ohio St. 380; Chamberlain v. Railway, 15 Ohio St. 225; Coal Co. v. Mining Co. 40 Ohio St. 559; Railway v. Railway, 44 Ohio St. 287 [7 N. E. Rep. 139]; Brown v. Fowler, 65 Ohio St. 507, 523 [63 N. E. Rep. 76].

In conflict between the written and printed portions of a contract, preference is given to the written portion. Wichman v. Oil Co. 6 Dec. 540 (4 N. P. 407).

The word, "terms," in the clause, "The terms of this grant shall not exceed twelve years," is general, universal, including the "term" or time, as well as all other terms, conditions and stipulations, granting clause and all. Bouvier, 11-p. 1109 "term;" Anderson's Law Dictionary 1022; Brown v. Fowler, 65 Ohio St. 507, 532 [63 N. E. Rep. 76].

**J. A. & E. V. Bope,** for defendant in error.

**HAYNES, J.**

The case of Florence M. Griner v. Ohio Oil Company comes into this court upon appeal, and has been heard upon the evidence.

The petition, filed by Florence M. Griner, sets forth that at a certain time there was an oil lease made by Myron L. Case to the Ohio Oil Company of a certain tract of land in this county, and that by the terms of that lease,—or license as it is called in the petition,—the time limited for the production, or extraction, of the oil (the operation of the property), was limited to twelve years from the date of the making of the lease, and that period expired in June, 1903, at which time and since then the plaintiff, who is the grantee of Mr. Case of the lands, served notice upon the Ohio Oil Company of the termination of the lease, and that it should cease to drill or operate upon the lands for oil.

The defendant admits the execution of the lease, and claims that under it they took possession and have performed all of the conditions of the lease by them to be kept and performed; they drilled the wells required in the lease, which number eight; that they have been operating the property, and have paid the one-sixth royalty of the oil produced to the lessor, Case, and to Florence M. Griner since she has been possessed of the property, and they state that the lease has not terminated, that they still have a right to proceed to operate the lands for oil, under that lease, and do so, so long as oil may be found upon the premises;—or to operate the land as long as oil and gas is found in paying quantities, as is the usual phrase.

The case has been very fully argued by counsel upon the part of the plaintiff, and upon the part of the defendant, and we have endeavored to give the case the consideration that the arguments merit.

It is claimed by the defendant that the lease is a grant of all the oil and gas upon the premises, or in and under the premises; that gas and oil, while in that condition under the premises, is a part of the real estate; that they take it by a grant, and that they took it in full and complete title. Then follows the *habendum* clause that they are to have and to hold it on the following conditions,—and there are quite a number of those conditions stated, and among other things it states the number of wells that are to be sunk, the time in which they are to be sunk, and states the consequences that will follow if the parties fail to keep the terms of those conditions,—that they are required to pay a certain sum per year, or to forfeit a certain portion of the land for the nonperformance. Then follows the further clause: "The terms of this grant shall not exceed twelve years." Then follows in print: "It is understood between the parties to this agreement that all the conditions between the parties hereto shall extend to their heirs, executors and assigns."

Now, the controversy in this case turns upon the construction of the word, "terms," the meaning that is to be given to that word by the court.

It is claimed on behalf of the defendant that the grant is absolute and that the word, "terms," applies only to the conditional or collateral matters attached to the grant, and not to the grant itself. On the other hand, of course, the claim on behalf of the plaintiff is that by the express terms of this clause, the grant is limited to the period of twelve years, and that all rights under this lease terminate upon the expiration of the twelve years.

There have been many cases, as is well known, in the state of Ohio decided on the question of oil leases, and definitions have been given in certain cases to the instruments and the construction of the different instruments, and decisions of the rights of parties under them. Some of the cases we have been referred to are: Woodland Oil Co. v. Crawford, 55 Ohio St. 161 [44 N. E. Rep. 1093; 34 L. R. A. 62]; Detlor v. Holland, 57 Ohio St. 492 [49 N. E. Rep. 690; 40 L. R. A. 266]; Kelley v. Oil Co. 57 Ohio St. 317 [49 N. E. Rep. 399; 39 L. R. A. 765; 63 Am. St. Rep. 721], and Brown v. Oil Co. 65 Ohio St. 507 [63 N. E. Rep. 76].

I will refer to a single one of those cases, Woodland Oil Co. v. Crawford, *supra*, page 177, a case which resembles in part the case at bar. In that particular case there was a clause in the lease which provided for the termination of the lease at the end of two years if no oil or gas was found upon the premises and if oil or gas is found upon the premises, then the lease shall terminate upon the expiration of twenty-five years.

Judge Burket, in delivering the opinion of the court, in speaking of this claim says:

"The proper construction to be placed upon such an agreement is, that upon failure of the lessee to drill a well, or pay the rental, or both, as the case may be, the lessor may elect to put an end to the lease, and enforce payment of the promised rental, or sue for damages for failure to drill the well, or he may elect to have the lease continue in force to the end of the term, and enforce the drilling of wells, and the payment of rentals, as provided in the lease. Such provisions of forfeiture are for the benefit of the lessor, and not for the benefit of the lessee. The lessee cannot plead his own default or wrong, in discharge of his obligation to drill or pay rental."

There was another clause in the lease that I do not find at this instant, but the substance of it is, that, if no oil or gas is found within two years, the lease becomes null and void, but if oil or gas was found, then, at the expiration of twenty-five years the lease terminated by virtue of that clause I have spoken of. It should be stated, however, that in the *habendum* clause the word, "term," was used; that they were to have and to hold for the term of two years. In the case at bar the word, "terms," was used, but it is claimed that the word, "terms," when it is used in this form does not refer to the period of time, for the lease to run, but has reference to the conditions of the grant.

Now this paper is to be examined to ascertain, if possible, the understanding of the parties. The lease is drawn up between two parties and is said to be in the handwriting of Mr. Case, a well-informed business man of this place.

First, he grants all the oil in the premises. It is said in some of these decisions that that it is a lease; it is a right of the party to go upon the premises of another and take from it the oil underlying the same, so long as the term of the lease runs. He has that right exclusively. It is said also in one of these cases decided, that the oil, the mineral, is a part of the real estate while it exists in the ground; that it is fleeting in its nature; it is a fluid that runs according to the laws governing fluids; it may be upon the land of one today, and shift to the lands of another tomorrow. But so long as it remains upon the lands of one person, it is the property of that person. It is real estate until it is taken from the ground, and then it becomes personal property.

Now what in sober sense was Mr. Case doing? He was giving the right to this party to go upon the premises and mine for oil, and take the oil out; and of the oil that they got out, he was to have one-sixth, and the balance the company was to have for its own use.

And he provided for the manner in which the work is to be done or commenced; the number of wells that are to be drilled; he provides where they may not sink wells, either in the orchard or within a certain distance of the house; that pipes might be laid for the purpose of conveying the oil away, and that they should be covered, and various matters of that kind are provided for, and then he comes to the clause in which he says, in the language I have read, that the terms of this grant shall not exceed twelve years.

It seems to us as clear as can be, that the understanding between these parties, the intention of these parties, was that this lessee might go upon this property and drill wells and operate them for a period of twelve years, and at the termination of that time, the rights of the Ohio Oil Company ceased and determined; that it applied to the terms of this grant; it applied to the whole paper.

To hold otherwise, it seems to us, would involve us in some inconsistencies that would result in holding that the grant of the oil itself was valid, while all the various conditions under which it was held and which were to be performed by the other party would be void and terminated. Evidently that was not the intention of the parties, and we think that the whole lease should be determined at the end of the period of twelve years.

It follows, then, from this view of the case, that the plaintiff should have judgment here as prayed for in this petition, and it is so ordered.

**Parker** and **Hull, JJ.,** concur.

---

## JUDGMENTS AND DECREES—ERROR—ACTIONS.